# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL MANUEL TAYLOR,

        Plaintiff,

vs.

CMF VACAVILLE, *et al.*,

        Defendants.

Case No. 2:08-cv-01246-PMP-GWF

**ORDER**

Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis* (#12). This proceeding was referred to this Court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment is assessed pursuant to section 1915(b)(1). After viewing Plaintiff's financial affidavit, Plaintiff's current account balance is $0.00; Plaintiff's average six month balance is $0.00; and Plaintiff's average monthly deposits are $0.00. Plaintiff is not required to make an initial partial payment at this time; however, Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

This Court must examine the complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). What is more, the Court cannot require defendants to reply to such complaints without first determining plaintiff has a reasonable opportunity to prevail on the merits of his claims. 42 U.S.C. § 1997e(g).

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court will not dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

But before the undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

## BACKGROUND

On June 4, 2008, Plaintiff filed his Complaint (#1) against Defendants. On June 18, 2008, this Court issued Order (#4), which directed Plaintiff to file an application to proceed *in forma pauperis*. On August 4, 2008, Plaintiff filed his application to proceed *in forma pauperis* (#12). Thus, Plaintiff has complied with Order (#4) and the Court will now proceed with the screening of the Plaintiff's Complaint (#1) pursuant to 28 U.S.C. §1915A.

In his Complaint (#1), Plaintiff alleges that he is not receiving constitutionally adequate medical care pursuant to the Eighth Amendment. Plaintiff alleges that Defendants CMF-Vacaville and CSP-Solano caused Plaintiff to be infected with parasites and HIV. Plaintiff also alleges that Defendants instructed their co-workers not to diagnose Plaintiff. Plaintiff alleges that CDCR officials forced him to live life in chronic intestinal pain by not providing adequate medical care. Plaintiff alleges that despite multiple medical requests, he has not received diagnosis or adequate medical relief of his symptoms, which include chronic pain, cuticle infection, hard "scally soles" on feet, debilitating skin problems, urine problems, premature "aged face," and pain in his stomach.

. . .

## DISCUSSION

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment ..." *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation, alteration and internal quotation marks omitted)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's needs. *Toguchi* at 1057.

Under the Eighth Amendment, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Id.* quoting *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A deprivation of a plaintiff's Eighth Amendment right occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *See Estelle*, 429 U.S. at 104, 97 S.Ct. at 285. A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Pursuant to a "deliberate indifference" analysis, the Court views whether "the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson*, 290 F.3d at 1187. "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* (citing to *Hallet*, 296 F.3d at 744 ("Mere medical malpractice does not constitute

cruel and unusual punishment.") (citation omitted)).  After viewing Plaintiff's Complaint (#1), the Court finds that Plaintiff fails to allege facts sufficient to state a claim for relief under the Eighth Amendment's two-part test.  *Toguchi*, 391 F.3d at 1057.  Plaintiff has not demonstrated that Defendants deprived him of the "minimal civilized measure of life's necessities."  *Id.*  (citation omitted).  Additionally, Plaintiff has not demonstrated that Defendants "acted with deliberate indifference in doing so."  *Id.*  In fact, Plaintiff states in his Complaint that he has been examined by medical physicians.  Thus, the Court finds that Defendants' actions cannot constitute deliberate indifference.  *See Gibson*, 290 F.3d at 1187.

The screening of Plaintiff's Second Amended Complaint (#17) has been completed pursuant to 28 U.S.C. §1915A.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* (#12) is granted.

**IT IS HEREBY ORDERED** that all payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1) is **dismissed** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order will result in a recommendation that this action be dismissed with prejudice.

DATED this 28th day of January, 2009.

_George Foley Jr._
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**